■ SOL KARCH et al., Respondents-Appellants, v STATE OF NEW YORK, Appellant-Respondent. (Claim No. 54547.)—Judgment unanimously modified, on the law and facts, in accordance with memorandum and as modified affirmed, without costs. Memorandum: In 1970 the State condemned a part of claimants' real properties in the City of Rochester pursuant to section 30 of the Highway Law. The appropriation involved three irregularly shaped, noncontiguous, closely situated tracts of claimants' land. Two of the tracts were partially appropriated and the third was completely taken. Located upon the appropriated area of one of the tracts was a large brick and wood building consisting of four stories and a daylight basement. The building was constructed in 1901 and originally used as a shoe factory. It was in an area zoned "BM, General Business District", and conveniently accessible to downtown Rochester. During 1970 portions of its 120,888 plus or minus square feet of rentable floor space were rented for commercial or loft purposes such as retailing, wholesaling, warehousing and light manufacturing. Its best use was determined to be its existing use for commercial rental. In computing its value the court adopted claimants' cost to repair figures and deducted $36,807 for heating and flooring repairs needed to place the building in tenantable condition. We have previously approved the propriety of this valuation approach *(Gerber v State of New York,* 30 AD2d 1044; see, also, 5 Nichols, Eminent Domain, §§ 18.11[1], 20.4). The State's initial contention in this appeal is that the trial court should have deducted additional repair costs in determining the building's value. The State specifically urges that the building needed such improvements as painting, window repair, brick pointing, electrical repair, plumbing repair and elevator repair in order to make it rentable. Although claimants' experts acknowledged that further repairs were needed, they testified that nearly all of these repairs were of a type generally made by commercial tenants and not by the owners in the Rochester area. As to the need for elevator repair, however, claimants' expert testified that it would probably have to be repaired at the owners' expense. Only the State introduced evidence of the cost to repair the elevator which was in the amount of $8,500. Additionally, we find that the premises would not be tenantable for commercial purposes until such time as windows and doors were replaced or repaired at a cost, according to the State's expert, of $13,125. The trial court's failure to deduct these sums is not supported by the evidence and accordingly, the award should be reduced by $21,625. While the State's experts claimed the remaining repairs should also be made by the owners, they admitted that they were not familiar with the usual terms of loft rentals in the City of Rochester. We cannot conclude, on this record, that the trial court "failed to give to conflicting evidence the relative weight which it should have and thus has arrived at a value which is excessive or inadequate" *(Matter of City of New York [Newtown Cr.],* 284 NY 493, 497). The State's final contention concerns the tract of claimants' land which was wholly appropriated. This tract contained 12,533 plus or minus square feet and had a 106.7 foot frontage on Goodman Street. Although it was improved by four dwellings used as residential rental units, its highest and best use was determined to be for supportive parking in connection with the development of a small shopping center. The trial court determined the value of the land

only, at $4 per square foot. Although this figure was within the range of the opposing experts, it did not reflect the cost of demolishing the improvements. The State claims the trial court erred in failing to reduce the award for this tract by the cost of demolition. Claimants' expert testified that the improvements added no value for its highest and best use. In determining the land only value, however, he made no deduction for the cost to demolish the improvements, because his comparable sales were also improved with useless buildings and their sale prices reflected that the cost of demolition was to be borne by the purchaser. Under such circumstances, we find the trial court's action in not deducting demolition costs supported by the credible evidence. (Appeals from judgment of Court of Claims—appropriation.) Present—Marsh, P. J., Cardamone, Dillon, Goldman and Witmer, JJ.